UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | Judge: _____ |
| DENISON UNIVERSITY, ) | |
| ) | |
| and ) | |
| ) | |
| JANE DOE ) | |
| ) | |
| and ) | |
| ) | |
| MARY-KATHLEEN CLIFFORD ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Denison University ("Denison") hereby removes this action, Case No. 16CV00044 in the Common Pleas Court in Licking County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division.  Removal is proper based on the following grounds:

### CASE HISTORY

1. Plaintiff John Doe filed a complaint (the "Complaint") in the Common Pleas Court in Licking County, Ohio on January 19, 2016 against Defendants.

2. Defendant Denison was served with a copy of the Complaint on January 19, 2016.  The Complaint is attached hereto as Exhibit A, and the Waiver of Service of Process

is attached hereto as Exhibit B. All other documents filed in the Common Pleas Court in Licking, County, Ohio in connection with this matter are attached hereto as Exhibit C.

### DEFENDANT DENISON'S NOTICE OF REMOVAL IS TIMELY

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), since it is being filed within thirty (30) days of the date (January 19, 2016) Defendant Denison was served with a copy of the Complaint and waived service of process.

### FEDERAL QUESTION JURISDICTION EXISTS

4. In his Complaint, Plaintiff asserts three claims under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688, which is a federal law, against Denison. *See* Ex. A ¶¶ 153-190. Plaintiff further claims that Denison has violated the Violence Against Women Act and the Family Educational Rights and Privacy Act, which are federal acts, and has violated guidance promulgated by the United States Department of Education's Office of Civil Rights, which is a federal office. *See id.*

5. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action "arises under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.

6. To the extent that the claims in the Complaint brought under state laws are not subject to this Court's original jurisdiction, this Court has supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to claims over which this Court has original jurisdiction that they form part of the same case or controversy. The state law claims form part of the same case or controversy as the federal claims because they "revolve around a central fact pattern." *See Blakely v. United States*, 276 F.3d 853, 861 (6th Cir. 2002) (internal citations omitted). Furthermore, the state law claims do not raise

novel or complex issues of state law and do not substantially predominate over the federal claims over which this Court has original jurisdiction. "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Id.* (internal citations omitted).

7. Venue is proper in the United States District Court for the Southern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 115(b)(2), 1391, and 1441.

8. Furthermore, Plaintiff avers in the Complaint that jurisdiction and venue are proper in the United States District Court for the Southern District of Ohio. *See* Ex. A ¶¶ 111-115.

9. By filing this Notice of Removal, Denison does not waive any of its affirmative defenses, including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## NOTICE

8. Written notice of the filing of this Notice of Removal of Civil Action to Federal Court will promptly be served on all parties as required by 28 U.S.C. § 1446(d). Further, Denison will promptly file a Notice to State Court of Removal of Civil Action to Federal Court, along with a copy of this Notice of Removal to Federal Court, with the Clerk of Courts for the Common Pleas Court in Licking County, Ohio, as required by 28 U.S.C. § 1446(d). A copy of the Notice to State Court is attached hereto as Exhibit D. A copy of the Notice to State Court of Removal of Civil Action to Federal Court will also be promptly served on all parties.

## CONSENT

9. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendants Jane Doe and Mary-Kathleen Clifford consent to removal of this action. A copy of their Notices of Consent are attached hereto as Exhibit E.

WHEREFORE, Defendant Denison respectfully requests that this matter be removed from the Common Pleas Court in Licking County, Ohio, to the United States District Court for the Southern District of Ohio, Eastern Division, and that all proceedings hereafter in this matter take place in the United States District Court for the Southern District of Ohio, Eastern Division.

Respectfully submitted,

/s/ Robert A. Harris
Robert A. Harris (Ohio Bar #0059549)
Kelly Jennings Yeoman (Ohio Bar #0078528)
Natalie M. McLaughlin (Ohio Bar #0082203)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Telephone: (614) 464-8373
Facsimile: (614) 719-4751
Email: raharris@vorys.com; kjyeoman@vorys.com; nmmclaughlin@vorys.com

*Attorneys for Defendant Denison University*

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal of Civil Action to Federal Court was electronically filed with the Court and served via the CM/ECF system upon the following on the 16th day of February 2016:

Eric J. Rosenberg
Ellen L. Foell
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, OH 43023

*Attorneys for Plaintiff John Doe*

Joshua S. Berger
The Berger Law Firm
P.O. Box 22421
Beachwood, OH 44122

*Attorney for Defendant Jane Doe*

Mary-Kathleen Clifford
1134 Broadview Avenue
Columbus, OH 43212

*Defendant Pro Se*

                                         /s/ *Natalie M. McLaughlin*
                                         Natalie M. McLaughlin