IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN DOE,

      Plaintiff,

  v.                                Civil Action 2:16-cv-143
                                    Judge Michael H. Watson
                                    Magistrate Judge Jolson

DENISON UNIVERSITY, et al.,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion for leave to file an amended complaint. (Doc. 19). For the reasons that follow, the motion is **GRANTED**. As a result, Defendant Denison's motion to strike (Doc. 11) is **DENIED as moot**, and the Court **RECOMMENDS** that Defendants' motions to dismiss (Docs. 7, 10) be **DENIED as moot**.

## I. BACKGROUND

This action stems from what Plaintiff John Doe alleges is a sexual-misconduct investigation gone awry. (*See* Doc. 5). According to the complaint, Plaintiff was a student at Denison University in the winter of 2015 when he engaged in sexual activity with then fellow Denison student and now current Defendant Jane Doe. (*See id.* ¶¶ 54–55). Later that spring, Jane Doe filed a complaint against Plaintiff alleging sexual misconduct. (*See id.* ¶ 63). Denison selected Defendant Mary-Kathleen Clifford to conduct the subsequent sexual-misconduct investigation. (*See id.* ¶ 36). Based upon the investigation and a corresponding hearing, Denison's University Conduct Board recommended Plaintiff's expulsion. (*See id.* ¶¶ 29, 87, 94).

Plaintiff contends the process Denison undertook to expel him was tainted by "[a]nti-male bias." (Doc. 20 at 1). For this reason, and based upon the above allegations, he brought suit in the Licking County, Ohio Court of Common Pleas on January 19, 2016, against Denison, Ms. Clifford, and Ms. Doe. (*See* Doc. 1 ¶ 1). The complaint sets forth causes of action for defamation and intentional infliction of emotional distress against Jane Doe; breach of contract, promissory estoppel, and negligence against Denison and Ms. Clifford; and unjust enrichment, a claim for injunctive relief, and three counts under Title IX against Denison.

Denison removed the case to this Court on February 16, 2016. (*Id.* ¶ 9). Ms. Clifford (Doc. 7) and Denison (Doc. 10) filed respective motions to dismiss approximately one month later. Denison also filed a motion to strike a number of the exhibits attached to Plaintiff's complaint. (Doc. 11). In the course of briefing the motions to dismiss and the motion to strike, Plaintiff filed the instant motion for leave to amend his complaint. (Doc. 19).

## II. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such

factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

### III. DISCUSSION

**A.  Order on the Motion for Leave to Amend (Doc. 19)**

Plaintiff seeks leave to amend his complaint under Fed. R. Civ. P. 15(a)(2) to: (1) add allegations addressing the contract between Denison and Ms. Clifford, which Ms. Clifford attached to her motion to dismiss (*see* Doc. 7 Ex. A) and upon which Plaintiff bases his breach of contract claim (*see, e.g.*, Doc. 5 ¶ 133); (2) add allegations to bolster his claim that Denison's hearing process was tainted by anti-male bias; (3) add an additional claim for negligent supervision based on Ms. Clifford's contract with Denison; and (4) "clarify evidentiary support for [his] existing claims against the Defendants." (Doc. 19 at 2).  Ms. Clifford and Ms. Doe have not opposed Plaintiff's request.  Denison opposes the motion, arguing that amendment would be futile because the proposed complaint does not address the deficiencies raised in its pending motion to dismiss.

"At this stage of the litigation, this Court is charged with determining whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty., Ohio*, No. 2:14-CV-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015).  The amended complaint here meets this low bar.  Plaintiff seeks to add a claim and bring additional allegations based in large part on a document filed after he brought this case.  These proposed amendments are not

3

obviously futile. Moreover, the remaining aspects of Denison's futility argument would require the Court to address directly the merits of the complaints. "[T]he Court believes that it's the better exercise of discretion to permit the amendment," after which Defendants may "raise their merits arguments by re-filing and supplementing the motions [to dismiss] once the amended complaint is filed." *Id.* At that point, "the matter will then be subject to proper consideration by the District Judge." *Id.*

Denison also raises several arguments related to the timing of Plaintiff's request for leave to amend. It contends Plaintiff, having had the chance to review the motions to dismiss before amending, is guilty of undue delay in seeking leave to amend. Denison further argues allowing the amendment would be unduly prejudicial because it would require Denison to re-file its motion to dismiss. Denison finally asks, in the alternative, that the Court stay the motion for leave to amend pending the outcome of its motion to dismiss.

None of these arguments persuades the Court to deny leave to amend. First, Plaintiff seeks to amend only a few months after filing suit. When a case is so fresh, courts rarely find undue delay. *See, e.g.*, *Lenhard v. CitiMortgage, Inc.*, No. 11-11810, 2012 WL 760918, at *4 (E.D. Mich. Mar. 8, 2012) (allowing amendment where leave was sought "not even four months after the filing of the initial complaint and before any discovery had taken place or amendment deadlines had passed" (footnote omitted) (citation omitted)); *Coleman v. Ohio State Univ. Med. Ctr.*, No. 2:11-CV-0049, 2011 WL 3273531, at *3 (S.D. Ohio Aug. 1, 2011) (allowing amendment "[g]iven the liberality of the amendment standard and the considerable time remaining before the amendment and discovery deadlines"). Second, Plaintiff has not acted in

4

bad faith or repeatedly amended without curing deficiencies. To the contrary, this is Plaintiff's first amendment and he only recently received the alleged contract between Denison and Ms. Clifford, which partially forms the basis for his amendment. (*See* Doc. 27 at 2). Third, Denison claims the amendment will cause prejudice because it will necessitate the re-filing of its motion to dismiss. While the Court acknowledges the potential cost and inconveniences associated with re-filing a dispositive motion, having to re-file is not undue prejudice. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (amendment three years into the case and after dispositive motions were filed caused only "relatively light prejudice"); *see also id.* (noting that a court must find "at least some significant showing of prejudice to the opponent" to deny a motion for leave to amend).

Accordingly, the motion for leave to file an amended complaint (Doc. 19) is granted and Denison's request for a stay (Doc. 26) is denied.

**B.  Order on the Motion to Strike (Doc. 11)**

Denison also filed a motion to strike exhibits 2 through 6 attached to Plaintiff's complaint. (Doc. 11). The motion corresponds to the first complaint, which is no longer the operative complaint. It is therefore denied as moot. *See Scuba v. Wilkinson*, No. 1:06CV160, 2006 WL 2794939, at *2 (S.D. Ohio Sept. 27, 2006) ("Plaintiffs' amended complaint supersedes the original complaint and is the 'legally operative complaint' in this matter. Since the amended complaint replaces the original complaint, the motions to dismiss the original complaint are moot." (citation omitted)); *see also Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (noting that a new complaint supersedes all previous complaints and controls a

5

case from that point forward).

C.      **Report and Recommendation on the Motions to Dismiss (Docs. 7, 10)**

Having granted Plaintiff's motion for leave to amend his complaint, the Court recommends that the motions to dismiss (Docs. 7, 10), which pertain to the first complaint, be denied as moot. *See Scuba*, 2006 WL 2794939, at *2.

## IV. CONCLUSION

For the reasons stated, Plaintiff's motion for leave to amend is **GRANTED**.  (Doc. 19). Defendant Denison's motion to strike is **DENIED as moot**.  (Doc. 11).  It is further **RECOMMENDED** that the motions to dismiss be **DENIED as moot**.  (Docs. 7, 10).

## V. PROCEDURE ON OBJECTIONS

**Objections to the Order:**  Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the Order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days after.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This Order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.3.

**Objections to the R&R:**  If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written

objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).  Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  June 7, 2016　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE