UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John Doe,

    Plaintiff,

    v.                                                                               Case No. 2:16–cv–143

Denison University, *et al.*,                                      Judge Michael H. Watson

    Defendants.                                                       Magistrate Judge Jolson

## OPINION AND ORDER

Denison University ("Denison") moves the Court to strike various exhibits attached to the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). Mot. Strike, ECF No. 37. For the following reasons, the Court **GRANTS** Denison's motion.

### I.  PROCEDURAL HISTORY

In this case, Plaintiff alleges that he was wrongly found responsible for engaging in sexual misconduct while a student at Denison University. Generally, he alleges that the investigation and adjudication of a complaint lodged against him by a female student was fraught with anti-male bias. Plaintiff brings a multitude of state-law claims as well as a claim for sex discrimination under Title IX. Additional facts are largely irrelevant to this Opinion and Order and will be set

forth more fully in the Court's Opinion and Order on Defendants'[1] motions to dismiss. Rather, this Opinion and Order will briefly summarize this case's procedural history and will incorporate relevant facts.

Plaintiff filed the initial Complaint in this case in state court on January 19, 2016. Compl., ECF No. 5. After removing the case to this Court, Denison moved to strike Exhibits 2–6 to the Complaint. Mot. Strike, ECF No. 11. Exhibits 2–6 consisted of three unverified complaints, one verified complaint, and a motion for leave to file an amended complaint, all filed in unrelated lawsuits. Plaintiff filed an Amended Complaint in this case on June 21, 2016. Amend. Compl., ECF No. 29. The Amended Complaint contained the same exhibits as the initial Complaint. Accordingly, Denison renewed its motion to strike Exhibits 2–6, which is now ripe for review. Mot. Strike, ECF No. 37.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion of a party. Fed. R. Civ. P. 12(f). *Reddy v. JP Morgan Chase Bank, N.A.*, Nos. 2:09–cv–1152, 2:11–cv–879, 2012 WL 3686287, at *3 (S.D. Ohio Aug. 27, 2012). Courts retain considerable discretion in ruling on a motion to strike, though such motions are generally disfavored. *Id.* Nonetheless, motions to strike "serve a useful purpose by

---

[1] There are three defendants in this case: Denison University, Jane Doe, and Mary-Kathleen Clifford. Only Defendant Denison University has moved to strike Exhibits 2–6.

eliminating insufficient defenses and saving the time and expense which would otherwise be spent in litigating issues which would not affect the outcome of the case." *Malibu Media, LLC v. Patel*, No. 2:14–cv–559, 2015 WL 12698035, at *1 (S.D. Ohio May 12, 2015).

### III. ANALYSIS

#### A. Rule 12(f) Applies to Exhibits 2–6.

Plaintiff first asserts that Federal Rule of Civil Procedure 12(f) does not apply to Exhibits 2–6 because they are not considered "pleadings," and, thus, Rule 12(f) does not authorize them to be stricken from the record. Plaintiff's argument is not well taken.

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A complaint is considered a pleading, Fed. R. Civ. P. 7, and "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Therefore, Exhibits 2–6, attached to Plaintiff's Amended Complaint, are a part of the pleading. As such, they are subject to a motion to strike under Rule 12(f). *See Ogle v. BAC Home Loans Servicing LP*, Nos. 2:11–cv–540, 2:11–cv–745, 2012 WL 12925834, at *3 (S.D. Ohio Jan. 12, 2012).

### B. Exhibits 2–6 are Not Circumstantial Evidence of Gender Bias.

Plaintiff next argues that Exhibits 2–6 should not be stricken because they constitute circumstantial evidence of gender bias in support of his Title IX claim. Resp. 3, ECF No. 41.

The exhibits are not circumstantial evidence of gender bias, and, thus, Plaintiff's argument is not well taken. As mentioned above, Exhibits 2–6 are complaints (one verified, three unverified) and a motion to amend a complaint, which were all filed in other, unrelated lawsuits. As such, Exhibits 2–6 contain nothing more than unsubstantiated allegations made by other plaintiffs in other lawsuits. The complaints are direct evidence of the fact that other plaintiffs made certain allegations, but they are not evidence (direct or circumstantial) of the truth of any of those allegations. *See, e.g., Polzin v. Barna & Co.*, No. 3:07–cv–127, 2007 WL 4365760, at *2 (E.D. Tenn. Dec. 11, 2007) ("[T]hese eleven other complaints are not even evidence . . . Rather, these complaints contain only allegations and allegations are not evidence." (citations omitted)). Moreover, none of the exhibits contain any allegations of gender bias. For both of these reasons, Exhibits 2–6 are impertinent and immaterial to the case at hand.

### C. Exhibits 2–6 are Not Relevant to Plaintiff's Breach of Contract or Negligence Claims.

Last, Plaintiff argues that Exhibits 2–6 are relevant to his breach of contract and/or negligence claims. Resp. 15, ECF No. 41.

First, as discussed above, the unsubstantiated allegations in Exhibits 2–6 are not evidence that Denison has breached a contract with anyone else. They are simply evidence of prior allegations. Second, even assuming the exhibits were evidence that Denison had breached a contract with other students, evidence that Denison breached a contract with other students is not relevant to whether Denison breached a contract with Plaintiff in this particular case. Plaintiff argues to the contrary, citing Federal Rule of Evidence 406. That rule permits "[e]vidence of a person's habit or an organization's routine practice" in order "to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406. It can hardly be said that Denison's breach of four student's contracts establishes a "habit" or "routine" of Denison breaching contracts with its students, even if the allegations within the exhibits were taken as true. For these reasons, the Court finds Exhibits 2–6 are not relevant to Plaintiff's breach of contract and negligence claims.

## IV. CONCLUSION

For the foregoing reasons, Denison's Motion to Strike Exhibits 2–6 to Plaintiff's Amended Complaint, ECF No. 29, is **GRANTED**. The Clerk shall terminate ECF No. 37 from the Court's pending motions list.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**